**UNITED STATES of America,
Plaintiff,**

v.

**George J. ST. PIERRE, Jr., Defendant.**

**No. FL 73–94–Civ–NCR.**

United States District Court,
S. D. Florida,
Fort Lauderdale Division.

May 31, 1974.

C. Wesley G. Currier, Asst. U. S. Atty., Miami, Fla., for plaintiff.

P. D. Aiken, Miami Beach, Fla., for defendant.

ROETTGER, District Judge.

The United States filed suit to recover certain gratuities received by defendant while working for the government as an F.H.A. appraiser. The facts are stipulated and require no elaboration except to say that defendant was charged in a criminal case with tax evasion and bribery. He pled guilty to two counts of bribery and two counts of tax evasion. Immediately prior to his 1973 indictment, defendant filed an amended 1971 tax return and included as income the money he had received as gratuities.

It was proper for defendant to be prosecuted for income tax evasion even though a third party might have a legitimate claim to the money he received. National City Bank of New York v. Helvering, 98 F.2d 93 (2d Cir. 1938). This point is not contested by defendant. Nor does he challenge the general right of the government to recover secret profits or gratuities received by its employees. Instead defendant's sole contention is that since the government instituted a criminal action against him, it is now estopped from pursuing its civil remedies.

Defendant contends that the government's position in the criminal case was that the money received by defendant was income and therefore taxable. St. Pierre asserts that it is inconsistent for the government to say now that the money belongs to it. This reasoning is unpersuasive. In the criminal case the government never asserted or proved that the money received by defendant was irrevocably his own. The only thing necessarily established by the government was that the money was "income" to defendant. Whenever a person receives money as his own, it is "income" for federal tax purposes. Caldwell v. Commissioner, 135 F.2d 488 (5th Cir. 1943). Merely paying the applicable federal income tax does not relieve the taxpayer of conflicting ownership claims of third persons. If those claims are proved correct and the money is refunded, then the taxpayer will be entitled to a deduction. *Caldwell,* supra. Therefore, defendant became liable for income tax notwithstanding any potential claim by the government to the subject money.

Defendant argues that his position is buttressed by the following dictum in U. S. v. Drisko, 303 F.Supp. 858 (E.D.Va. 1969): "The alternate tax and criminal remedies, if any, available to the Government in the premises do not bar the Government from recovering the secret profits and gratuities thus received via this civil action." Id. at 860. Rather than strengthening defendant's position, that statement directly supports the result reached here that the government's claim in this suit is not inconsistent with

its prior position in the criminal prosecution.

If the government had chosen to pursue its civil case prior to seeking an indictment, defendant's argument would have been unavailing. In the criminal prosecution, the criminal act of filing false returns would still be punishable even though the defendant subsequently returned all the bribes.

Therefore, it is

Ordered and adjudged that judgment be entered for plaintiff in the amount of $12,000.00.