**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Bertram L. PODELL,
Defendant-Appellant.**

**No. 556, Docket 77–6107.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 26, 1978.

Decided Feb. 6, 1978.

---

**32**

Daniel M. Shientag, New York City, for defendant-appellant.

Richard J. McCarthy, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty. for the Southern District of New York, Louis G. Corsi, Asst. U. S. Atty., New York City, of counsel), for plaintiff-appellee.

Before KAUFMAN, Chief Judge, and LUMBARD and MULLIGAN, Circuit Judges.

IRVING R. KAUFMAN, Chief Judge:

Bertram L. Podell appeals a grant of summary judgment in favor of the United States in the government's action to impose a constructive trust on monies Podell received in breach of his fiduciary duty as a United States Congressman. We reject Podell's argument, for the reasons we shall set forth, that his reluctance in acknowledging the clear implications of his guilty plea to charges that he violated, and conspired to violate, the federal conflict of interest statute [1] creates any material issues of fact. Moreover, we find meritless his contention

---

1. *See* 18 U.S.C. § 203 (1970), which provides in part:

(a) Whoever . . . directly or indirectly receives or agrees to receive, or asks, demands, solicits, or seeks, any compensation for any services rendered or to be rendered either by himself or another—

(1) at a time when he is a Member of Congress . . .

in relation to any proceeding, application, request for a ruling or other determination, contract, claim, controversy, charge, accusa-

tion, arrest, or other particular matter in which the United States is a party or has a direct and substantial interest, before any department, agency, courtmartial, officer, or any civil, military, or naval commission . . .

(b) Shall be fined not more than $10,000 or imprisoned for not more than two years, or both; and shall be incapable of holding any office of honor, trust, or profit under the United States.

that the government cannot recover the sums he received from third parties as a result of his illegal activities. Accordingly, we affirm.

## I.

In a ten-count indictment filed on July 12, 1973, former United States Congressman Bertram L. Podell was charged with conspiracy, the solicitation and acceptances of bribes, criminal conflict of interest, and perjury. At his criminal trial in September and October 1974, the government introduced evidence that, while a member of Congress, Podell received $41,350 in legal fees and campaign contributions from representatives of Leasing Consultants, Inc., in return for advocating the interests of one of the company's subsidiaries, Florida Atlantic Airlines. Podell had appeared before the Civil Aeronautics Board (CAB), the Federal Aviation Administration (FAA), the State Department, and the government of the Bahamas on behalf of the airline, which sought permission to operate a route between Florida and the Bahamas and opposed the FAA's proposed revocation of its operating certificate. *See United States v. Podell*, 519 F.2d 144 (2d Cir.), *cert. denied*, 423 U.S. 926, 96 S.Ct. 270, 46 L.Ed.2d 252 (1975).

On October 1, 1974, the tenth day of trial, Podell pleaded guilty to selected portions of the indictment after he and his attorney were permitted carefully to edit the language of the charges.[2] In Count One, Para-

2. The portions of the indictment to which Podell pleaded guilty follow. (Portions of the relevant paragraphs deleted by careful editing by appellant's counsel with the appellant's consent are bracketed. In addition, Podell and his counsel eliminated Paragraphs 2 through 4 and 5(a), and the Overt Acts in Count One from the indictment. Counts Two through Four and Six through Ten of the indictment were also expunged upon counsel's and appellant's request. These deletions, *inter alia*, removed all references to an alleged co-conspirator and to the Department of State, and eliminated all charges except the conflict of interest and related conspiracy charges):

COUNT ONE

The Grand Jury charges:

1. From in or about March 1968, up to and including the date of the filing of this indictment, in the Southern District of New York and elsewhere, BERTRAM L. PODELL, [HERBERT S. PODELL,] and MARTIN MILLER, the defendants, and Kenneth G. Burnstine, and Michael Zorovich, named as co-conspirators but not as defendants, did combine, conspire, confederate and agree together and with each other and with other persons to the Grand Jury known and unknown, to violate Section[s 201 and] 203 of Title 18 United States Code and to defraud the United States and its departments, agencies and branches by obstructing, hindering and impairing said departments, agencies and branches in connection with the performance of their lawful governmental functions, including; the lawful governmental functions of the United States Congress and the legitimate representation by its Members of the interests of the United States and their constituents; the lawful governmental functions of the Civil Aeronautics Board (CAB), **the Federal Aviation Administration (FAA)** [and the Department of State] in considering and approving routes for international air travel; the lawful governmental functions of the FAA in its determinations as to revocations of operating certificates [; and the lawful governmental functions of the Department of State in its relationships with foreign governments,]

[Paragraphs 2–4 of Count One deleted.]

5. Among the means by which the defendants and their co-conspirators would and did carry out the unlawful purposes set forth above, were the following:

[Paragraph 5(a) of Count One deleted.]

(b) The defendant BERTRAM L. PODELL would and did, travel to the Bahama Islands to speak to the United States and Bahamian officials, and send letters and make telephone calls to, and attend meetings with, officers and employees of the United States and of agencies and departments thereof, including the CAB, the FAA [and the Department of State,] for the purpose of affecting, inducing, and pressuring said officials, officers and employees on behalf of FAAL.

(c) The defendant MARTIN MILLER and co-conspirators Kenneth G. Burnstine and Michael Zorovich would and did offer, and would and did [directly and] indirectly pay and caused to be paid, money and other things of value to the defendants BERTRAM L. PODELL, [and HERBERT S. PODELL,] and others, in the form of payments to the Citizen's Committee for the Reelection of Bertram L. Podell and in the form of fees to the law firm of Podell & Podell, and the defendants BERTRAM L. PODELL [and HERBERT S. PODELL] would and did agree to receive and did receive money and other things of value in return for the services **described in paragraph[s 5(a) and] 5(b) of this count.**

graph One, Podell admitted he had conspired to violate 18 U.S.C. § 203, the federal conflict of interest statute. Count One, Paragraphs 5(b) and (c) set forth the means by which Podell acknowledged he had carried out this unlawful purpose, stating specifically that he had met with Bahamian officials, as well as the CAB and the FAA, on behalf of Florida Atlantic Airlines, and that he had been compensated for his work indirectly in the form of payments to the Citizen's Committee for the Reelection of Bertram L. Podell and fees paid to his law firm, Podell & Podell. Podell also pleaded guilty to Count Five, a substantive violation of the conflict of interest statute. Subsequently, he was sentenced to two-years imprisonment on the conspiracy count, all but six months suspended, and fined $5,000 on the conflict of interest count.[3] His guilty plea also rendered him "incapable of holding any office of honor, trust, or profit under the United States."[4]

The United States commenced the present action to impress a constructive trust and for an accounting on January 30, 1976. The complaint alleged that Podell, while a Congressman, received $41,350 as compensation for his conflict of interest activities involving appearances before the CAB and the FAA in connection with matters involving Florida Atlantic Airlines.[5] After answer, the government moved for summary judgment, relying upon Podell's guilty plea, portions of the transcript of the criminal trial, several affidavits and the three checks introduced in evidence in the criminal case—two checks, in the amount of $10,000 and $2,350, payable to Podell & Podell, and a $29,000 check payable to Podell's campaign committee. Podell responded with an affidavit admitting that all but $1,350 of the checks paid to the Podell firm were for his services, but not a word was uttered by him to explain the $29,000 contribution. On May 31, 1977, Judge Duffy granted summary judgment in favor of the United States in the amount of $40,000,[6] for the reasons stated in his opinion in *United States v. Podell*, 436 F.Supp. 1039 (S.D.N.Y. 1977).

## II.

On appeal, Podell argues that the government has not stated a claim, and that, even if it has, his guilty plea does not

---

[Recitation of Overt Acts in Count One, and Counts Two through Four deleted.]
COUNT FIVE
The Grand Jury further charges:
From in or about December, 1968 up to and including September 24, 1970, in the Southern District of New York, BERTRAM L. PODELL, a Member of Congress, [and HERBERT S. PODELL,] the defendants, unlawfully, wilfully and knowingly otherwise than as provided by law for the proper discharge of official duties, directly and indirectly did receive and agree to receive, ask, demand, solicit, and seek compensation for services rendered and to be rendered by the defendant BERTRAM L. PODELL and others in relation to proceedings, applications, requests for rulings and other determinations, controversies and other particular matters in which the United States was a party and had a direct and substantial interest, before departments, agencies and officers of the United States, namely an application by FAAL for a route designation then pending before the CAB [and the Department of State], and a proceeding for suspension and revocation of FAAL's operating certificate then pending before the FAA and the National Air Transportation Safety Board.

(Title 18, United States Code, Sections 203(a) and (2)).
[Counts Six through Ten deleted.]

3. We found the plea voluntary in *United States v. Podell*, 519 F.2d 144 (2d Cir.), *cert. denied*, 423 U.S. 926, 96 S.Ct. 270, 46 L.Ed.2d 252 (1975).

4. *See* 18 U.S.C. § 203(b), *supra*, note 1.

5. The complaint's first claim charged that Podell's conflict of interest activities on behalf of Florida Atlantic Airlines violated his fiduciary duty as a United States Congressman, and asked that he be made to account to the United States for all money he received for these improper actions. The second claim asserted that Podell's conduct which breached his agency relationship and his implied contract of employment, unjustly enriched him through monies which rightfully belong to the United States.

6. Judgment was entered in the amount of $40,000.00 on August 16, 1977. At that time, the United States waived any further rights it may have had against Podell for an accounting in excess of $40,000.00.

constitute an admission that he obtained the amounts alleged in the complaint.[7]

██ Podell asserts that since 18 U.S.C. § 218 [8] authorizes the United States to bring suit to recover any sum paid by the government in relation to a violation of the conflict of interest statute, Congress intended to preclude actions to impress a constructive trust on money received by the wrongdoer from third persons. But 18 U.S.C. § 218 specifically states that its remedy is "[i]n addition to any other remedies provided by law." [9] And it has been repeatedly held, both before and after the enactment of 18 U.S.C. § 218, that public officials and employees serving interests in conflict with those of the United States for their own gain hold the funds they receive, no matter what the source, in constructive trust for the government. *See United States v. Carter*, 217 U.S. 286, 30 S.Ct. 515, 54 L.Ed. 769 (1910); *United States v. Drumm*, 329 F.2d 109 (1st Cir. 1964); *United States v. Drisko*, 303 F.Supp. 858 (E.D. Va.1969). The Supreme Court stated the principle succinctly in *Carter*: "The larger interests of public justice will not tolerate, under any circumstances, that a public official shall retain any profit or advantage which he may realize through the acquirement of an interest in conflict with his fidelity as an agent [of the United States.]" 217 U.S. at 306, 30 S.Ct. at 520.

Podell attempts to distinguish the authorities cited above, arguing that he did not breach his fiduciary duty to the United States because his violation of the statute was merely "technical". We reject this suggestion; the offense was so serious that it forever bars him from holding any position of public trust "under the United States." Accordingly, Podell's attack on the sufficiency of the government's cause of action must fail.

### III.

We turn to Podell's argument that summary judgment was improper because his guilty plea does not preclude him from disputing the amounts he received during his illicit activities.

██ It is well-settled that a criminal conviction, whether by jury verdict or guilty plea, constitutes estoppel in favor of the United States in a subsequent civil proceeding as to those matters determined by the judgment in the criminal case. *See McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *United States v. Frank*, 494 F.2d 145, 160 (2d Cir.), *cert. denied sub nom. Borgman v. United States*, 419 U.S. 828, 95 S.Ct. 48, 42 L.Ed.2d 52 (1974). *Cf. Emich Motors v. General Motors*, 340 U.S. 558, 568–69, 71 S.Ct. 408, 95 L.Ed. 534 (1951). Accordingly, Podell's guilty plea to Count Five of the indictment, a substantive violation of the conflict of interest statute, forecloses him from denying his breach of fiduciary duty to the United States.

Count Five, however, does not state with specificity the compensation Podell re-

---

7. We also reject Podell's argument that the action is prohibited by the New York six-year statute of limitations for fraud. The United States is not subject to any statute of limitations in enforcing its rights, unless Congress specifically provides otherwise. *See United States v. Summerlin*, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940). Podell has not cited any federal statute of limitations that would bar this action.

8. 18 U.S.C. § 218 (1970) provides:
   In addition to any other remedies provided by law the President or, under regulations prescribed by him, the head of any department or agency involved, may declare void and rescind any contract, loan, grant, subsidy, license, right, permit, franchise, use, authority, privilege, benefit, certificate, ruling, decision, opinion, or rate schedule awarded, granted, paid, furnished, or published, or the performance of any service or transfer or delivery of anything to, by or for any agency of the United States or officer or employee of the United States or person acting on behalf thereof, in relation to which there has been a final conviction for any violation of this chapter, and the United States shall be entitled to recover in addition to any penalty prescribed by law or in a contract the amount expended or the thing transferred or delivered on its behalf, or the reasonable value thereof.

9. *Id.*

ceived. And, although the particular facts relating to the payments are set forth in Paragraph 5(c) of Count One, Podell argues that his plea of guilt under that paragraph admitted only a general conspiracy and does not determine which of the specific payments described in the indictment were, in fact, made pursuant to the conspiracy.

The collateral estoppel effect of a finding of guilt on a general conspiracy count is limited to the essence of the conspiracy when it cannot be determined which means were used to carry out the unlawful purpose of the conspiracy. *See United States v. Guzzone*, 273 F.2d 121 (2d Cir. 1959). *See also Emich Motors v. General Motors, supra*, 340 U.S. at 569, 71 S.Ct. 408. In this case, however, we are not confronted with an undifferentiated conspiracy count. Indeed, the guilty plea was clearly delineated. Podell carefully struck the portions of the indictment to which he did not desire to plead guilty, even deleting language in the crucial paragraph in this case—paragraph 5(c) of Count One.[10] We conclude that by exhibiting such painstaking care to remove particular language from Paragraph 5(c), Podell in effect and, indeed, in actuality, admitted the truth of the remainder of the paragraph's allegations.[11]

Since the three checks submitted in this case were the same as those admitted in evidence during the criminal trial, the district court correctly concluded that they were the payments referred to in the indictment. Unlike most guilty plea cases, appellant's guilty plea was not entered in an evidentiary vacuum, but rather after the government had presented its entire case and Podell had begun to present his own. The teaching of the Supreme Court in *Emich Motors v. General Motors, supra*, 340 U.S. at 569, 71 S.Ct. 408, is that in a situation involving the estoppel effect of a criminal judgment resting on a general conspiracy count, the court in a subsequent civil case should determine precisely what was decided in the criminal case by examining the record of the criminal trial, including the pleadings, the evidence submitted, and any opinions of the court. In this case, the elements of the charges in the indictment were amply supported in the trial record. *See United States v. Podell* 519 F.2d 144 (2d Cir.), *cert. denied*, 423 U.S. 926, 96 S.Ct. 270, 46 L.Ed.2d 252 (1975). Indeed, Podell's affidavit does not dispute receiving the $29,000 check nor $11,000 of the remaining checks. Accordingly, the grant of summary judgment was proper, and we affirm.

---

10. *See note 2, supra.*

11. This conclusion is bolstered by Podell's statement in open court during the guilty plea allocution that he was pleading guilty to the selected portions of the indictment:

The Court: [to Mr. Podell] Mr. LaRossa, your counsel, has indicated that you are pleading guilty to certain counts of the indictment with certain deletions. I want to know whether that is, in fact, true, whether you are in fact doing that.
Defendant Podell: Yes, I am.