UNITED STATES of America, Plaintiff,

v.

**John R. DICKINSON, a/k/a "John Root", Defendant.**

No. 82 CV 414 (ERN).

United States District Court,
E. D. New York.

Sept. 22, 1982.

Raymond J. Dearie, U. S. Atty., E.D.N.Y. by Patrick B. Northup, Asst. U. S. Atty., Brooklyn, N. Y., for plaintiff.

Brotman & Dolin, New York City by Jeffrey D. Ullman, New York City, for defendant.

MEMORANDUM AND ORDER

NEAHER, District Judge.

On April 22, 1982, defendant was tried and convicted by a jury verdict of one count of violating 31 U.S.C. §§ 1059(2) and 1101 [1]

---

**1.** Section 1101 makes it a crime to willfully transport or cause the transportation of more than $5,000 in United States monetary instruments to any place outside of the United States without reporting the exportation to the United States Customs Service. 31 U.S.C. § 1101.

Section 1059(2) imposes an additional criminal penalty for the willful violation of any provision of Chapter 21 of Title 31 where the violation is "committed as part of a pattern of illegal activity involving transactions exceeding $100,-

and three counts of violating 18 U.S.C. § 1542.[2] On the first count, the jury found that the defendant knowingly and willfully transported $860,000 in United States currency to Great Britain without making and filing a report with the United States Customs Service, and that this incident was part of a pattern of illegal activity involving transactions exceeding $100,000 in a twelve-month period. Prior to trial, the Department of the Treasury, pursuant to 31 U.S.C. § 1103, assessed a civil penalty against defendant in the amount of $860,-000 based upon information from British customs officials that defendant had failed to report the exportation of that amount of currency to Great Britain.

The government has now moved for summary judgment on its complaint, which seeks to reduce to judgment the civil penalty assessed against defendant by the Treasury Department. The government contends that defendant's conviction collaterally estops him from denying the facts alleged in the complaint. There can be no dispute that the doctrine of collateral estoppel extends to prevent relitigation of issues of fact necessarily resolved in reaching the former judgment. As stated by the Supreme Court,

> "a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified."

*Southern Pacific R. Co. v. United States,* 168 U.S. 1, 48–49, 18 S.Ct. 18, 27–28, 42 L.Ed. 355 (1897).

As the Court of Appeals for the Second Circuit has recently reiterated in *United States v. Podell,* 572 F.2d 31, 35 (2d Cir. 1978), it is also

"well established that a criminal conviction, whether by jury verdict or guilty plea, constitutes estoppel in favor of the United States in a subsequent civil proceeding as to those matters determined by the judgment in the criminal case. See *McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166 [1170–1171], 22 L.Ed.2d 418 (1969); *United States v. Frank,* 494 F.2d 145, 160 (2d Cir.), *cert. denied sub nom. Borgman v. United States,* 419 U.S. 828, 95 S.Ct. 48, 42 L.Ed.2d 52 (1974)."

In allowing the introduction into evidence in a civil case of the indictment and judgment of an antecedent criminal case to prove the facts asserted therein, the Supreme Court has stated that collateral estoppel in such cases extends to any "questions 'distinctly put in issue and directly determined' in the criminal prosecution. In the case of a criminal conviction based on a jury verdict of guilty, issues which were essential to the verdict must be regarded as having been determined by the judgment." *Emich Motors Corp. v. General Motors Corp.,* 340 U.S. 558, 568–69, 71 S.Ct. 408, 413–414, 95 L.Ed. 534 (1951).

We face the difficult task on the instant motion of determining precisely what matters were necessarily adjudged in the antecedent criminal action, in which the general verdict of the jury contained no specific findings of fact. In the context of a conspiracy conviction, the Court in *Emich Motors* noted that such a verdict does not necessarily establish each of the acts with which the defendants were charged in effectuating the conspiracy:

> "Under these circumstances what was decided by the criminal judgment must be determined by the trial judge ... upon an examination of the record, including the pleadings, the evidence submitted, the instructions under which the jury arrived at its verdict, and any opinions of the

000 in any twelve-month period." 31 U.S.C. § 1059(2).

**2.** Section 1542 makes it unlawful to willfully and knowingly make a false statement in the application for a passport.

courts. *Sealfon v. United States,* [332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180], *supra; cf. Oklahoma v. Texas,* 256 U.S. 70 [41 S.Ct. 420, 65 L.Ed. 831] (1921)." *Id.* at 569, 71 S.Ct. at 414 (footnote omitted).

After careful examination of the record of defendant's criminal trial as required by *Emich Motors,* we are of the opinion that the convictions under 31 U.S.C. §§ 1059(2) and 1101 conclusively determined that exactly $860,000 in currency was illegally exported by defendant.[3] First, the indictment presented to the jury expressly indicates the sum of $860,000 as the amount that defendant transported to England without filing the customs report as required by law. Although it is true that the indictment refers to "approximately" $860,000, the evidence at trial and the Court's instructions, as discussed below, show that the jury necessarily determined that precisely $860,000 was transported by defendant on the occasion at issue.

Second, the only evidence submitted at trial on the issue whether defendant exported currency exceeding $5,000 in violation of 31 U.S.C. § 1101, a crime which constituted a necessary element of the first count of the indictment, was the admissions defendant made to British customs authorities at the time of his arrival in London off a direct flight from the United States. As the transcript shows, defendant initially stated to British Customs Officer Williams that the false compartments in his luggage contained "about $700,000." After being informed of his right to remain silent under British law, however, the defendant stated to Customs Officer Haddy that he was, in fact, carrying $860,000. On cross-examination, counsel for defendant did not attempt to discredit either customs officer's testimony. In reaching its guilty verdict, therefore, the jury had to credit their testimony and find that defendant had in his possession the $860,000. If the jury had not believed that defendant had made those admissions, or had lied to the customs officers,

he could not have been found guilty, because there was no other credible evidence establishing that defendant had in his possession a sum greater than $5,000.

Third, the instructions under which the jury reached its verdict leave no room for doubt as to the facts determined by the conviction. Explaining the elements of the first count, the trial court stated that "the government must prove beyond a reasonable doubt, first, that defendant willfully failed to report the $860,000 alleged to have been taken out of the United States by him." Given the clarity of this charge, the jury in reaching its verdict must have necessarily determined that the defendant had $860,000 in his possession on his arrival in England. The exact amount of money possessed by defendant, therefore, was "distinctly put in issue and directly determined" in the criminal prosecution. Accordingly, there is no issue of fact to be determined in this action and summary judgment is appropriate.

For the reasons stated, plaintiff's motion for summary judgment is granted and the Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

---

**3.** Defendant's conviction clearly estops him from denying or relitigating in this action that he violated 31 U.S.C. § 1101 and is therefore subject to a penalty under 31 U.S.C. § 1103. Only the extent of the penalty is at issue.