### In re TOWERS FINANCIAL CORPORATION NOTEHOLDERS LITIGATION & Related Cases.

### No. 93 Civ.0810(WK)(AJP).

United States District Court,
S.D. New York.

Nov. 10, 1999.

See also 996 F.Supp. 266.

---

Daniel C. Girard, Girard & Green LLP, San Francisco, CA, for Plaintiff.

Joseph E. Coughlin, Lord, Bissell & Brook, Chicago, IL, for Defendant.

### ORDER

WHITMAN KNAPP, Senior District Judge.

We have reviewed and considered the Report and Recommendation of Magistrate Judge Andrew J. Peck, dated October 11, 1999, concerning plaintiffs' motion for summary judgment against defendants Mitchell Brater and Michael Rosoff, which motion was based upon the criminal convictions, after a jury trial, of those defendants for violations of the securities laws, specifically § 10(b) and Rule 10b–5.

In the Report, Judge Peck recommends that we grant plaintiffs' motion for summary judgment against Brater and Rosoff, not merely on the grounds of default as neither defendant opposed the motion, but also on the merits as the key issues have been established by collateral estoppel in the prior criminal proceeding.

As to damages, the Report sets out a distinction between the activities of these defendants and prior defendants against whom we granted summary judgement in the amount of $250 million dollars. In this connection, the Report sets out a schedule and procedure for a damages inquest.

We find the Report to be wholly reasonable, and having received no objections thereto, we here adopt it in its entirety. Accordingly, summary judgment as against defendants Brater and Rosoff is GRANTED. With respect to damages, we are confident that the approach ordered by Judge Peck will result in the fixing of a just and reasonable quantum of damages as against Brater and Rosoff, and so await Judge Peck's further recommendations in this regard.

**SO ORDERED.**

### REPORT AND RECOMMENDATION

PECK, United States Magistrate Judge.

Plaintiffs in this securities class action move for summary judgment against defendants Mitchell Brater and Michael Rosoff, based on those defendants' conviction, after a jury trial, of criminal violations of the securities laws. Defendants have not responded to the motion.

This Court previously granted plaintiffs summary judgment against other defendants in this case based on their guilty pleas to criminal securities fraud. *See In re Towers Fin. Corp. Noteholders Litig.*, 996 F.Supp. 266 (S.D.N.Y.1998) (Knapp, D.J. & Peck, M.J.). Here, defendants Brater and Rosoff were convicted by the jury after trial, as opposed to having pled guilty.

For the reasons set forth below, I recommend that the Court grant plaintiffs summary judgment against defendants Brater and Rosoff.

### FACTS

This uncontested motion is part of a series of actions brought against Towers and its officers and directors arising from the "Ponzi scheme" involving Towers'

Notes and Bonds, more fully described in this Court's prior opinions, familiarity with which is assumed. *In re Towers Fin. Corp. Noteholders Litig.*, 996 F.Supp. 266, 268 n. 1 (S.D.N.Y.1998) (Knapp, D.J. & Peck, M.J.) (citing additional prior opinions). The Court will not repeat the background facts contained in this Court's prior opinion.

Defendant Brater "was Towers' Senior Vice President, Chief Operating Officer and Vice–Chairman of its Board of Directors." (Pls.' Rule 56.1 Stmt. ¶ 7.)[1] "Brater was the person 'primarily responsible for the distribution and marketing of the Towers Notes to investors.'" (Pls.' 56.1 Stmt. ¶ 7, quoting Stamell Aff. Ex. B: Brater/Rosoff Indictment.)

Defendant Rosoff was Towers' Senior Vice President, General Counsel and a member of Towers' Board of Directors. (Pls.' 56.1 Stmt. ¶ 7.)

Plaintiffs' complaint charges these defendants with, *inter alia*, violation of § 10(b) and Rule 10b–5, and common law fraud. (*See* Pls.' 56.1 Stmt. ¶¶ 9–10.)

A superseding indictment, was filed by a federal grand jury against Brater and Rosoff on December 16, 1997. (*See* Pls.' 56.1 Stmt. ¶ 11; Stamell Aff. Ex. B: Indictment in 97 Cr. 0336.) The indictment charged Brater and Rosoff with, *inter alia*, conspiracy to commit securities fraud in violation of § 10(b) and Rule 10b–5 (count one), securities fraud in connection with the October 15, 1991 Towers' Notes offering (count three), and securities fraud in connection with the March 23, 1992 Towers' Notes offering (count four). (Pls.' 56.1 Stmt. ¶ 13; Stamell Aff. Ex. B: Indictment.)[2]

After a jury trial, Brater and Rosoff were found guilty of all charges on February 18, 1999. (Pls.' 56.1 Stmt. ¶¶ 11–12, 15–16; 2/18/99 Trial Tr. at 3101–02; *see* Dkt. entries for 2/18/99 in 97 Cr. 0336.) Sentencing is currently scheduled for October 12, 1999. (*See* Dkt. entry for 9/14/99 in 97 Cr. 0336.)

### Defendants' Failure to Respond to Plaintiffs' Summary Judgment Motion

By letter dated August 30, 1999, plaintiffs' counsel asked for permission to file this summary judgment motion. By Memo Endorsed Order dated September 7, 1999, the Court granted the motion and ordered that:

> Defendants Brater and Rosoff are to respond to the motion by *9/28/99* or the motion likely will be granted on default.

(9/7/99 Order, ¶ 2.) Neither Brater nor Rosoff responded to the motion.

### ANALYSIS

### I. PLAINTIFFS' SUMMARY JUDGMENT MOTION SHOULD BE GRANTED ON DEFAULT SINCE DEFENDANTS BRATER AND ROSOFF DID NOT RESPOND TO THE MOTION

"[C]ourts in this Circuit have granted summary judgment by default where a party has failed to respond to the motion in violation of court rules and/or scheduling orders." *In re Towers Fin. Corp. Noteholders Litig.*, 996 F.Supp. 266, 273–74 (S.D.N.Y.1998) (Knapp, D.J. & Peck, M.J.) (citing numerous authorities). Defendants Brater and Rosoff, who are represented by counsel, were explicitly warned by the Court that failure to respond to plaintiffs' summary judgment mo-

---

1. S.D.N.Y. Local Civil Rule 56.1 provides that "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." Defendants Brater and Rosoff did not respond to the motion, and thus the statements in plaintiffs' Rule 56.1 Statement are deemed admitted. *See In re Towers*, 996 F.Supp. at 275 (citing cases).

2. On March 20, 1998, the Court dismissed count two of the superseding indictment, which had charged the defendants with securities fraud in connection with the October 1, 1990 Towers' Notes offering. (*See* Dkt. entries for 3/20/98 in 97 Cr. 0336; *see also* Dkt. No. 28 in 97 Cr. 0336: 3/20/98 Tr. at 33.)

tion could result in the granting of the motion on default. Nevertheless, defendants Brater & Rosoff chose not to respond to the motion.

For these reasons and as further set forth in *In re Towers*, 996 F.Supp. at 271–74, I recommend that the Court grant plaintiffs' summary judgment motion by default against defendants Brater and Rosoff.

## II. *ALTERNATIVELY, PLAINTIFFS' SUMMARY JUDGMENT MOTION SHOULD BE GRANTED ON THE MERITS*

As in *In re Towers*, "[t]he Court should not need to reach the merits of plaintiffs' summary judgment motion, which should be granted by default. Nevertheless, in an excess of caution, the remainder of this Report and Recommendation will address the merits of plaintiffs' summary judgment motion [which] should be granted on the merits because there are no material facts in dispute." *In re Towers Fin. Corp. Noteholders Litig.*, 996 F.Supp. 266, 274 (S.D.N.Y.1998) (Knapp, D.J. & Peck, M.J.).

 The elements of a § 10(b) and Rule 10b–5 claim are set out in *In re Towers*, 996 F.Supp. at 274–75, and will not be repeated herein. The indictment charged defendants Brater and Rosoff with two counts of criminal securities fraud in violation of § 10(b) and Rule 10b–5. (*See* page 3 above.) The jury found defendants Brater and Rosoff guilty of those criminal securities fraud charges in violation of § 10(b) and Rule 10b–5. Plaintiffs' civil complaint here alleges the same conduct as charged in the criminal case. The jury's conviction of defendants Brater and Rosoff serves to collaterally estop them in this civil action. *See, e.g., Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5, 332–33, 337, 99 S.Ct. 645, 649 n. 5, 652, 654–55, 58 L.Ed.2d 552 (1979) (upholding use of "offensive collateral estoppel" against defendants based on verdict in prior SEC civil action against same defendants); *SEC v. Bilzerian*, 29 F.3d 689, 692–94 & n. 10 (D.C.Cir.1994) (summary

judgment for SEC that defendant violated securities laws, based on his criminal conviction for the same conduct); *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 42–43, 44 (2d Cir.1986) (federal criminal convictions have collateral estoppel effect in federal civil actions, using a four-part test: "(1) the issues in both proceedings must be identical, (2) the issue in the prior proceeding must have been actually litigated and actually decided, (3) there must have been a full and fair opportunity for litigation in the prior proceeding, and (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits."), *cert. denied*, 480 U.S. 948, 107 S.Ct. 1608, 94 L.Ed.2d 794 (1987); *Wolfson v. Baker*, 623 F.2d 1074, 1077–81 (5th Cir.1980) (criminal conviction given collateral estoppel effect in subsequent securities suit brought by private party), *cert. denied*, 450 U.S. 966, 101 S.Ct. 1483, 67 L.Ed.2d 615 (1981); *United States v. Podell*, 572 F.2d 31, 35 (2d Cir.1978) ("It is well-settled that a criminal conviction, whether by jury verdict or guilty plea, constitutes estoppel ... in a subsequent civil proceeding as to those matters determined by the judgment in the criminal case."); *SEC v. Grossman*, 887 F.Supp. 649, 659 (S.D.N.Y.1995) (criminal conviction given collateral estoppel effect in subsequent civil SEC action); *United States v. United States Currency in the Amount of One Hundred Forty–Five Thousand, One Hundred Thirty–Nine Dollars*, 803 F.Supp. 592, 597–98 (E.D.N.Y.1992) (collateral estoppel given to guilty plea from criminal case in subsequent civil proceeding that was "foreseeable at the time of the criminal action"), *aff'd*, 18 F.3d 73 (2d Cir.), *cert. denied*, 513 U.S. 815, 115 S.Ct. 72, 130 L.Ed.2d 27 (1994); *S.E.C. v. Dimensional Entertainment Corp.*, 493 F.Supp. 1270, 1274–76 (S.D.N.Y.1980) (summary judgment in SEC civil action based on defendant's criminal conviction that "establish[ed] the violations of the securities laws alleged" in the civil case); *cf. S.E.C. v. Monarch Funding Corp.*, 192 F.3d 295 at 302–06 (2d Cir. 1999) (refusing

to give collateral estoppel effect to criminal sentencing findings in subsequent SEC civil action).

Accordingly, on the merits, because of the collateral estoppel effect from defendants' criminal convictions of securities fraud in violation of § 10(b) and Rule 10b–5, plaintiffs should be awarded summary judgment against defendants Brater and Rosoff for civil violations of § 10(b) and Rule 10b–5.[3]

## III. DAMAGES

Plaintiffs ask the Court to award summary judgment against defendants Brater and Rosoff in the amount of $250 million. (Pls.' Br. at 15–16; Stamell Aff. ¶ 9; see also Pls.' 56.1 Stmt. ¶¶ 17–22.) In connection with plaintiffs' prior summary judgment motion against defendants Hoffenberg, et al., the Court entered summary judgment for plaintiffs for $250 million, since "[t]he $250 million sum plaintiffs request is both uncontested and reasonable under the circumstances." In re Towers Fin. Corp. Noteholders Litig., 996 F.Supp. 266, 267, 276 (S.D.N.Y.1998) (Knapp, D.J. & Peck, M.J.). The Court would be inclined to adopt the same measure of damages here, but there is a wrinkle: the dismissal of count two of the indictment, charging defendants Brater and Rosoff with securities fraud in connection with the October 1, 1990 Towers' Notes offering. (See page 3 n. 2 above.) Defendants Brater and Rosoff were convicted of securities fraud only in connection with the October 15, 1991 and March 27, 1992 Towers' Note offerings. (See page 3 above.) Plaintiffs have not addressed how, if at all, the dismissal of the count of the indictment regarding the October 1, 1990 Towers' Notes offering affects plaintiffs' damages claim in this case.

Accordingly, plaintiffs are to supplement their papers to address this damages question, by October 21, 1999. Defendants Brater and Rosoff may respond by Octo-

ber 28, 1999. If defendants do not respond, the Court will consider plaintiffs' damages papers as their submission for a damages inquest, and will determine damages based on plaintiffs' papers.

## CONCLUSION

For the reasons set forth above, the Court recommends that plaintiffs' summary judgment motion be granted on their § 10(b) and Rule 10b–5 claims against defendants Brater and Rosoff, with damages to be determined pursuant to the briefing schedule set forth above.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Whitman Knapp, 40 Centre Street, Room 1201, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Knapp. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); IUE AFL–CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir.1993), cert. denied, 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); Small v. Secretary of Health & Human Servs., 892 F.2d 15, 16 (2d Cir.1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57–59 (2d Cir.1988); McCarthy v. Manson, 714

---

**3.** The Court need not reach plaintiffs' common law found claims because of its decision on the securities fraud claims.

F.2d 234, 237–38 (2d Cir.1983); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

### *SERVICE*

Mr. Stamell is to serve this Report and Recommendation on all other counsel or unrepresented parties, and file an affidavit of service with the Clerk of Court, with a courtesy copy to my chambers.

Oct. 11, 1999.