Edwin B. MISHKIN, as SIPA Trustee for the Liquidation of the Business of Adler, Coleman Clearing Corp., Plaintiff,

v.

Roy AGELOFF, Robert F. Catoggio, Lowell Schatzer, Ronan Garber, Joseph Dibella, John Lembo, Mark A. Mancino, Joseph Scarfone, Chris Wolf, Randy M. Ashenfarb, Earl Rusnak, and Danny Garber, Defendants.

No. 97 Civ. 2690(VM).

United States District Court,
S.D. New York.

April 21, 2004.

David J. Aronstam, New York, NY, for Mark A. Mancino.

Paul Condzal, New York, NY, for Chris Wolf, John Lembo.

Michael P. Gilmore, Wexler & Burkhart, Mitchell Field, NY, for Earl Rusnak.

Randy M. Ashenfarb, Staten Island, NY, pro se.

Mitchell A. Lowenthal, Cleary Gottlieb Steen & Hamilton, New York, NY, for Alder, Coleman Clearing Corp.

Thomas J. Maloney, Cleary, Gottlieb, Steen & Hamilton, New York, NY, for Edwin B. Mishkin.

David Molton, Molton & Meekins, New York, NY, for Danny Garber.

Andrew B. Schultz, Great Neck, NY, for Ronan Garber.

### DECISION AND ORDER

MARRERO, District Judge.

### I. BACKGROUND

Plaintiff, as trustee (the "Trustee") for the liquidation of the business of Adler, Coleman Clearing Corp. ("Adler"), brought this action pursuant to the Securities In-

vestor Protection Act of 1970 ("SIPA"), 15 U.S.C. §§ 78aaa–, alleging violations of federal securities laws and state common law fraud. Defendants (collectively "Defendants") were traders and/or brokers of Hanover Sterling & Company, Ltd. ("Hanover"), an introducing broker/dealer firm for which Adler served as clearinghouse. By Decision and Order dated January 15, 2004[1] this Court granted the Trustee's motion for summary judgment on liability as regards the Trustee's claims against all the named Defendants, except for Roy Ageloff and Lowell Schatzer, with regard to Defendants' violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and common law fraud. None of the Defendants filed a response or otherwise opposed that motion. The Court also directed the Trustee, on notice to Defendants, to submit particulars and documentation concerning damages to be awarded against the Defendants who were found liable.

On January 30, 2004 the Trustee filed and served on Defendants the instant Notice of Motion for Entry of Judgment (the "Motion"). The Motion is accompanied by, among other documents, an Affidavit of Mitchell A. Lowenthal in Support of Motion for Entry of Judgment, dated January 30, 2004, as well as a Declaration of John P. Norris in Support of Trustee's Motion for Entry of Judgment, dated January 30, 2004. Based on these materials, the Trustee requests entry of a judgment against each of the Defendants, jointly and severally, in the amount of $50 million. This figure is consistent with damages in the amount of $50 million awarded by the Bankruptcy Court in a judgment by default filed against defendant Lowell Schatzer on September 19, 1997, and reasonably comparable to the judgment in the amount of $65 million entered by this Court on February 6, 2002 against defendant Roy Ageloff, pursuant to a settlement with the Trustee that was approved by the Court. None of the Defendants responded to the Motion by the designated deadline of March 1, 2004 or by the return date of April 10, 2004.

## II. *ORDER*

Accordingly, the Court having considered the Trustee's Motion and the documents filed in support of entry of a judgment of damages against Defendants in this action, it is hereby

**ORDERED** that in accordance with the judgment of liability authorized by this Court on January 15, 2004 against the Defendants specified in that Order, the Clerk of Court is directed to enter judgment against each of those defendants, Robert F. Catoggio, Ronan Garber, Joseph DiBella, John Lembo, Mark A. Mancino, Joseph Scarfone, Chris Wolf, Randy M. Ashenfarb, Earl Rusnak and Danny Garber, jointly and severally, in the amount of Fifty Million Dollars ($50,000,000), together with interest from February 27, 1995 to the date of this Order at the average one-year Treasury Bill Rate prevailing during that period.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

---

**1.** That Decision and Order is reported as *Mishkin v. Ageloff,* 299 F.Supp.2d 249 (S.D.N.Y.2004).