54 F.3d 109
 Francisco TAVAREZ, Plaintiff-Petitioner,
v.
Janet RENO, United States Attorney General; Kathleen Hawk,
Director of Prison; R.M. Reish, Warden, Federal
Correction Institution, Defendants-Respondents.
 Docket 94-2761.
 United States Court of Appeals,
Second Circuit.
 Submitted April 19, 1995.
Decided May 2, 1995.
 
 Francisco Tavarez, New York City, pro se.
 Before: MESKILL, ALTIMARI, and CALABRESI, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff-petitioner Francisco Tavarez ("Tavarez"), proceeding pro se, moves this Court for leave to proceed in forma pauperis to appeal from a judgment of the United States District Court for the Southern District of New York (Griesa, C.J.), dismissing his action alleging false arrest, false imprisonment, and malicious prosecution by federal authorities. At the time he commenced this action, Tavarez was incarcerated at FCI Otisville, New York, based on a prior federal conviction which had not been invalidated on direct appeal, in a habeas corpus proceeding, or otherwise. The same facts underlie both the prior conviction and the instant Bivens action. The district court dismissed Tavarez's action on the ground that it was defeated by his criminal conviction. We agree, and therefore deny his motion and dismiss the appeal.
 
 BACKGROUND
 
 2
 In his action pursuant to 42 U.S.C. Sec. 1983, Tavarez alleged that he had been "illegally de[tained] and deprived of his freedom, liberty and life for violation of [his] constitutional law and due process." He further alleged that his indictment and plea agreement contained false information, and that the court in his criminal action committed various procedural errors. Tavarez sought $10,000,000 in damages.
 
 
 3
 Although Tavarez brought the action under Sec. 1983, the district court properly construed the complaint as an action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), which requires a plaintiff to allege that a defendant acted under color of federal law to deprive plaintiff of a constitutional right. The district court noted that federal courts typically analogize claims under Sec. 1983 with Bivens actions. See, e.g., Butz v. Economou, 438 U.S. 478, 498-501, 98 S.Ct. 2894, 2906-08, 57 L.Ed.2d 895 (1978). The district court then held that Tavarez's claim was meritless because "[t]here is no claim under 42 U.S.C. Sec. 1983 for false arrest, false imprisonment or malicious prosecution if plaintiff was convicted of the offense for which he was arrested." (citing Cameron v. Fogarty, 806 F.2d 380, 386-88 (2d Cir.1986), cert. denied, 481 U.S. 1016, 107 S.Ct. 1894, 95 L.Ed.2d 501 (1987)). The district court noted that Tavarez could appeal his conviction directly to this Court, or institute a habeas corpus proceeding to vacate, set aside, or correct his sentence. The district court therefore dismissed the action without prejudice pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 4
 Tavarez filed a motion with this Court for leave to proceed in forma pauperis to appeal from the judgment of the district court.
 
 DISCUSSION
 
 5
 We have noted that "Bivens actions are not significantly dissimilar to claims brought under Secs. 1981 and 1983 in terms of the interests being protected, the relief which may be granted, and the defenses which may be asserted." Chin v. Bowen, 833 F.2d 21, 23 (2d Cir.1987) (quotations omitted). Because the two actions share the same "practicalities of litigation," Burnett v. Grattan, 468 U.S. 42, 50, 104 S.Ct. 2924, 2930, 82 L.Ed.2d 36 (1984), federal courts have typically incorporated Sec. 1983 law into Bivens actions. See Carlson v. Green, 446 U.S. 14, 18-20, 100 S.Ct. 1468, 1471-72, 64 L.Ed.2d 15 (1980); Ayeni v. Mottola, 35 F.3d 680, 688 n. 10 (2d Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1689, 131 L.Ed.2d 554 (1995); Ellis v. Blum, 643 F.2d 68, 84 (2d Cir.1981).
 
 
 6
 The Supreme Court recently held that in order to recover damages for an unconstitutional conviction or imprisonment, a Sec. 1983 plaintiff must demonstrate that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus...." Heck v. Humphrey, --- U.S. ----, ----, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). A claim for damages based on a conviction or sentence that has not been invalidated as described above is not cognizable under Sec. 1983. Id.; see also Cameron, 806 F.2d at 386-89.
 
 
 7
 Given the similarity between suits under Sec. 1983 and Bivens, we conclude that Heck should apply to Bivens actions as well. See Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir.1994) (per curiam). In the instant case, Tavarez has not demonstrated that his conviction has been invalidated in any manner. Accordingly, because "Heck dictates that a cause of action seeking damages under Sec. 1983 for an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated," id. at 27-28, the district court correctly dismissed Tavarez's action as not cognizable.
 
 
 8
 This Court may grant a party permission to proceed in forma pauperis if satisfied that an appeal is not frivolous. 28 U.S.C. Sec. 1915(d). An appeal is frivolous where it lacks an arguable basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). Because any appeal from this judgment would be frivolous, we deny Tavarez's motion for leave to appeal in forma pauperis and dismiss his appeal.
 
 CONCLUSION
 
 9
 Based on the foregoing, the motion is denied and the appeal is dismissed.