101 F.3d 681
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Fred SCHNEIDER, Petitioner-Appellant,
v.
Burton T. RYAN, Jr., Joseph G. Gregory, Edgardo M.
Tolentino, Allan Shurack, Respondents-Appellees.
 No. 95-6166.
 United States Court of Appeals, Second Circuit.
 April 1, 1996.
 
 APPEARING FOR APPELLANT: FRED SCHNEIDER, PRO SE, PHILADELPHIA, PENNSYLVANIA
 APPEARING FOR APPELLEE: SUSAN RILEY, ASSISTANT UNITED STATES ATTORNEY, OF COUNSEL, EASTERN DISTRICT OF NEW YORK, BROOKLYN, NEW YORK
 E.D.N.Y.
 AFFIRMED.
 PRESENT: Hon. RICHARD J. CARDAMONE, Hon. JOHN M. WALKER, Jr., Hon. JOSEPH M. McLAUGHLIN, Circuit Judges.
 
 
 1
 Plaintiff-appellant Fred Schneider, who is proceeding pro se, appeals a judgment of the district court dismissing his complaint. On May 6, 1994, Schneider filed a complaint alleging that the Assistant United States Attorney and several special agents from the Internal Revenue Service conspired to refuse in bad faith to move for a downward departure pursuant to section 5K1.1 of the United States Sentencing Guidelines based on Schneider's cooperation. The complaint further alleged that the defendants conspired to deny Schneider a fair trial "by releasing slanderous and malicious statements to the print media regarding the charges lodged against [Schneider]." The complaint asserted that the defendants' actions violated the Due Process Clause of the Fifth Amendment, the Confrontation Clause of the Sixth Amendment, and the Equal Protection Clause of the Fourteenth Amendment. The complaint sought compensatory damages of not less than $10 million pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).
 
 
 2
 On February 7, 1994, defendant Ryan filed a motion to dismiss Schneider's complaint. The district court granted defendant's motion on the grounds that 1) plaintiff's claim is barred by collateral estoppel because he had, in his earlier habeas case, unsuccessfully pressed the claim that the government had acted in bad faith by refusing to move for a downward departure, 2) plaintiff's claim that the defendants conspired to deny him a fair trial is barred by the three-year statute of limitations of New York CPLR § 214(5), and finally 3) plaintiff's claims that the defendants conspired in bad faith to refuse to move for a downward departure and that the defendants conspired to deny him a fair trial are "frivolous" within the meaning of 28 U.S.C. § 1915(d). We affirm on the ground that plaintiff's claims were frivolous.
 
 
 3
 The standard of review of a dismissal for frivolousness under 28 U.S.C. § 1915(d) is whether the order constituted an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992). In order to recover damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff in a Bivens action must prove that his conviction has been independently invalidated. See Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994) (section 1983 plaintiff must prove that conviction or sentence has been invalidated or otherwise set aside); Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir.1995) (per curiam) (Heck applies to Bivens actions as well). Because, as Schneider conceded at oral argument, his conviction has not been invalidated, the district court did not abuse its discretion in dismissing Schneider's complaint.
 
 
 4
 For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.