Michael **MAIETTA**, Petitioner–Appellant,

v.

Christopher **ARTUZ**, Superintendent, Greenhaven Correctional Facility, Respondent–Appellee.

No. 1323, Docket 95–2673.

United States Court of Appeals, Second Circuit.

Argued Feb. 22, 1996.

Decided May 15, 1996.

Steven C. Krane, New York City (Pamela B. Silverman, Proskauer Rose Goetz & Mendelsohn, New York City, on the brief), for petitioner-appellant.

Lisa I. Cuevas, Asst. Dist. Atty., New York City (Robert T. Johnson, Dist. Atty., Joseph N. Ferdenzi, Allen H. Saperstein, Asst. Dist. Attys., New York City, on the brief), for respondent-appellee.

Before: NEWMAN, Chief Judge,
LUMBARD and KEARSE, Circuit Judges.

JON O. NEWMAN, Chief Judge:

The issue on this appeal concerns the preclusive effect of a guilty plea in the context of successive criminal prosecutions. The precise issue is whether a guilty plea forecloses a challenge to the validity of an arrest under circumstances where not being arrested is a condition of a plea agreement governing sentencing on an unrelated charge. The issue arises on an appeal by Michael Maietta from the September 5, 1995, judgment of the District Court for the Southern District of New York (Lawrence M. McKenna, Judge) denying his petition for a writ of habeas corpus to challenge a state court sentence. Because the guilty plea eliminates any issue of the validity of the arrest, at least for purposes of demonstrating Maietta's breach of the plea agreement, we affirm.

## Background

Maietta pled guilty in Bronx County Supreme Court to four counts of burglary-related crimes. The plea agreement provided that Maietta's sentence would be within a range of four to eight years, provided that he met certain conditions including not being arrested while at liberty awaiting sentencing. The state court trial judge warned Maietta that, if he did not satisfy the conditions of the agreement, he would receive the maximum sentence. When defense counsel pointed out that, on a prior occasion, Maietta had been arrested, apparently without foundation, and released within a few days, the trial judge responded that "[i]f he gets arrested and the case is dismissed within three days of the arrest," the Court would not find the no-arrest condition violated. The Court later stated to Maietta, "I am warning you …, you get arrested again, not convicted but arrested again, you face significant time in jail."

Only a few weeks after entering the plea, Maietta was arrested for a burglary in Westchester. The arrest was based on evidence that Maietta's Jeep was observed parked in front of a residence in Yonkers, which the Jeep passenger then attempted to burglarize. A police officer on the scene later identified Maietta as the driver of the vehicle.

At sentencing on the Bronx charge, Maietta sought to offer evidence that he had not been the driver of the Jeep in Westchester. His evidence consisted of a signed but unsworn statement by Anthony Salveggi that he, not Maietta, was the driver, and three statements from alibi witnesses. The sentencing judge declined to consider the evidence and proceeded to impose a sentence of ten to twenty years imprisonment. The sentencing judge stated:

I made it extremely clear that if the defendant was rearrested, rearrested I em-

phasize, not convicted, not indicted, not pursuant to a subsequent hearing, but re-arrested period, that I was going to enhance his sentence and give him the maximum sentence allowed under the law. . . .

. . . .

. . . [I]n this case, not only was the defendant arrested but he was subsequently indicted so that there is an additional filter for the quality of the arrest, and not only was he arrested and not only was he indicted, but he was arrested and indicted for things that he does professionally, burglary.

In the Appellate Division, Maietta argued that the Bronx sentencing judge should have imposed the four-to-eight-year sentence, or at least conducted an evidentiary hearing to determine whether the Westchester arrest was valid. The Appellate Division affirmed the sentence because, among other reasons, an evidentiary hearing would be duplicative of the forthcoming Westchester criminal proceedings. *People v. Maietta*, 173 A.D.2d 17, 24, 578 N.Y.S.2d 529, 533–34 (1st Dept.1991).

Maietta subsequently pled guilty to the Westchester charge. At the plea allocution, he explicitly admitted that he was the person who had committed the Westchester burglary. He now asserts that he pled guilty only because he had lost faith in the criminal justice system, he did not wish to risk receiving a longer sentence after a trial, and he understood that he would serve his Westchester sentence concurrently with his Bronx sentence.

In the New York Court of Appeals, Maietta argued that the Bronx sentencing court had deprived him of due process by failing to hold an evidentiary hearing to establish the validity of the Westchester arrest. The Court of Appeals held that, when a defendant denies post-plea criminal conduct, the sentencing court must conduct an "inquiry" to

permit the defendant to show that the arrest is unfounded. However, the Court rejected Maietta's claim that this inquiry must be a full evidentiary hearing. The Court found that the sentencing judge had inquired sufficiently by noting Maietta's ownership of the crime vehicle, the eyewitness identification, and the grand jury indictment.

The District Court denied Maietta's subsequent habeas corpus petition on the ground that according Maietta a federal constitutional right to challenge the validity of his arrest for purposes of the plea agreement would constitute a "new rule" within the meaning of *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

### Discussion

On appeal, Maietta alleges that his due process rights were violated by the state court that sentenced him to the maximum penalty on the Bronx charge because the Westchester arrest was considered to be a violation of the plea agreement governing the Bronx charge. Maietta claims that the Westchester arrest was based on mistaken identity, and that the Bronx sentencing court should have conducted an evidentiary hearing to determine whether the arrest was valid. We affirm the denial of habeas corpus on the ground that, in the circumstances of this case, Maietta's guilty plea to the Westchester charge precludes his challenge to the validity of his arrest on that charge, at least for the limited purpose of determining his breach of the plea agreement governing the Bronx charges.

Though collateral estoppel has been applied from one criminal proceeding to another *for the benefit* of the accused, *see Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), whether the doctrine may be applied *against* the accused has divided the few courts of appeals that have considered the question.[1] The Eighth and

---

1. Application of collateral estoppel from a criminal proceeding to a subsequent civil proceeding is not in doubt. "It is well-settled that a criminal conviction, whether by jury verdict or guilty plea, constitutes estoppel in favor of the United States in a subsequent civil proceeding as to those matters determined by the judgment in the criminal case." *United States v. Podell*, 572 F.2d 31, 35 (2d Cir.1978). *See also LaMagna v. United States*, 646 F.2d 775, 778 (2d Cir.) ("plea of guilty . . . was an admission of all the elements of a formal criminal charge, and was itself a conviction as conclusive as a jury verdict"), *cert. denied*, 454 U.S. 898, 102 S.Ct. 399, 70 L.Ed.2d 214 (1981). We have also ruled that, even where the requirements for collateral estoppel are not met,

Ninth Circuits have held that a prior conviction that necessarily determines a defendant's alienage has collateral estoppel effect on the issue of alienage in a subsequent criminal prosecution. *See Hernandez–Uribe v. United States,* 515 F.2d 20, 21 (8th Cir. 1975), *cert. denied,* 423 U.S. 1057, 96 S.Ct. 791, 46 L.Ed.2d 647 (1976); *Peña–Cabanillas v. United States,* 394 F.2d 785, 787 (9th Cir.1968). On the other hand, the Third Circuit has held that the Sixth Amendment's guarantee of a jury trial entitles a defendant to have every fact necessary to a conviction determined by a jury, including a fact determined by a prior jury. *See United States v. Pelullo,* 14 F.3d 881 (3d Cir.1994).

We need not decide whether a fact necessarily found adversely to a criminal defendant has collateral estoppel effect in a subsequent jury trial of a criminal case, because in the pending case the issue is whether the defendant's conviction precludes his challenge to the validity of an arrest that is used only for purposes of sentencing in a different criminal case. Maietta's guilty plea to the Westchester charge precludes a challenge to the validity of the arrest because the conviction following the guilty plea constitutes an adverse adjudication of the merits of the only issue that Maietta sought to dispute at his sentencing on the Bronx charge—the identity of the perpetrator of the Westchester crime. His reasons for tendering that plea do not diminish the preclusive effect of the resulting conviction.

The judgment of the District Court is affirmed.

---

common law principles preclude a challenge to the validity of an arrest after a guilty plea, for purposes of a civil suit under 42 U.S.C. § 1983. *See Cameron v. Fogarty,* 806 F.2d 380, 386–89 (2d Cir.1986); *see also Tavarez v. Reno,* 54 F.3d 109, 110 (2d Cir.1995) (same as to *Bivens* lawsuit).