Charles E. COLLINS, III,
Plaintiff–Appellant,

v.

Sol GREENBERG, James Nixon
and Christopher D. Horn,
Defendants–Appellees.

Docket No. 01–7739.

United States Court of Appeals,
Second Circuit.

Feb. 22, 2002.

Charles E. Collins, III, Troy, NY, pro se.

Roche, Corrigan, McCoy, & Bush; Robert P. Roche, on the Brief, for Sol Greenberg, James Nixon, and Christopher D. Horn, for Appellees.

Present VAN GRAAFEILAND, KATZMANN, Circuit Judges, and KORMAN, District Judge.

**SUMMARY ORDER**

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Charles E. Collins, III, *pro se,* and fee-paid, appeals from the district court's *sua sponte* dismissal of his § 1983 complaint as frivolous. In September 2000, Collins filed a § 1983 complaint against Sol Greenberg, the Albany County District Attorney, and James Nixon and Christopher D. Horn, both Albany County Assistant District Attorneys. In his complaint, Collins alleged that the defendants had maliciously prosecuted him and falsely imprisoned him despite having been divested of jurisdiction over his case by virtue of the fact that he was denied his right to counsel at various preliminary stages of his criminal case. Specifically, Collins claimed that he was

not informed by the presiding judge that he had a right to have counsel present at his arraignment and during the grand jury presentation, and that the defendants were aware that Collins had not been informed of this right. According to the complaint, Collins was convicted of criminal mischief in the second degree, and sentenced to one and a third to four years imprisonment.[1]

Collins sought (1) $40,000,000 in damages from Horn and Greenberg, and $5,000,000 in damages from Nixon; (2) punitive damages to be determined by a jury; (3) additional damages for each day he would continue to spend in custody; and (4) treble damages under the Racketeer Influenced Corrupt Organizations Act.

By order filed September 25, 2000, the district court *sua sponte* dismissed Collins's complaint as frivolous based upon the absolute prosecutorial immunity enjoyed by the defendants. The court further noted that to the extent Collins sought damages for malicious prosecution and false arrest, his claims were barred absent an allegation that the criminal proceedings terminated in his favor. The court directed Collins to file an amended complaint within thirty days of the court's order naming defendants which are not immune from suit.

■ This Court reviews a *sua sponte* dismissal of a complaint pursuant to § 1915(e)(2) *de novo*. *See Giano v. Goord*, 250 F.3d 146, 149–50 (2d Cir.2001). In this case, the court properly determined that the prosecutors actions were entitled to absolute immunity. It is well-settled that prosecutors enjoy absolute immunity from liability under § 1983 in suits seeking damages for acts carried out in their prosecutorial capacities. *See Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Moreover, Collins's

claims involving malicious prosecution and false arrest and imprisonment require a showing of a favorable disposition, which Collins cannot establish. *See Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir.1995) (relying on *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), for the proposition that in a § 1983 claim for malicious prosecution, the plaintiff must allege favorable disposition of the charges because a conviction is presumptive evidence that cause existed for the prosecution).

■ Specifically, Collins concedes that he was convicted by a jury of the charges, and sentenced to a term of imprisonment. In fact, his appellate brief appears to indicate that his direct appeal is currently pending in the New York State Courts. Even applying a liberal construction to Collins's filings in opposition to the defendants' motion for summary judgment, Collins did not state facts sufficient to revive the claims dismissed by the district court. Therefore, at this time, Collins is unable to meet the requisite showing to proceed with his claims as contained in his complaint.

Lastly, given the district court's explicit warnings that failure to file an amended complaint could result in dismissal of his suit, the district court's April order dismissing the complaint for failure to amend was proper. As discussed above, as drafted, the original complaint was frivolous, and, therefore, in the absence of an amended complaint, the district court did not err in dismissing the entire matter.

For the reasons discussed, the judgment of the district court is hereby **AFFIRMED.**

---

1. The conviction stemmed from an incident where Collins sprayed the New York Court of Appeals with chicken manure in an apparent attempt to make a political statement.