See also 174 F.Supp.2d 56.

John J. TIMMINS, Plaintiff–Appellee,

v.

Frank TOTO, individually and as a Rockland Psychiatric Center Safety Officer of the Rockland Psychiatric Center, Defendant–Appellant,

Michael E. Bruggman, individually and as a Trooper and Member of the Division of the State of New York, James Bopp, as individually and as the Chief Executive Officer of the Rockland Psychiatric Center, Rockland Psychiatric Center and New York State, Defendants.

No. 02–9206(L), 02–9208(CON).

United States Court of Appeals, Second Circuit.

Feb. 5, 2004.

Bruce Schoenberg, Schrader & Schoenberg, LLP, New York, N.Y. (David A.

Schrader, on the brief), for Plaintiff–Appellee.

Bruce A. Brown, Assistant Attorney General, New York, N.Y. (Eliot Spitzer, Attorney General for the State of New York, Deon J. Nossel, Senior Assistant Solicitor General, on the brief, Donald Nowve, Assistant Attorney General, of counsel), for Defendants–Appellant, of counsel.

Present: SACK, WESLEY, Circuit Judges, PAULEY, District Judge.[1]

## SUMMARY ORDER

Familiarity with the facts, the procedural context, and the issues on appeal are assumed.

We have jurisdiction to hear this appeal. "[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision'. . . ." *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). Although the district court denied Toto's qualified immunity claims holding material issues of fact remain, a district court's mere assertion that disputed factual issues exist is not enough to preclude an immediate appeal. *Salim v. Proulx*, 93 F.3d 86, 89 (2d Cir.1996). Here, Toto argues that even if Timmins' allegations are true, he cannot establish as a matter of law that Toto violated Timmins' clearly established constitutional rights under either the Fourth or Fourteenth Amendments. *See id.* ("[A]n appeal is available where the defendant accepts, for purposes of the appeal, the facts as alleged by the plaintiff."). We agree.

To establish qualified immunity in § 1983 claims, a defendant must show "ei-

ther '(a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law.'" *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 250 (2d Cir.2001) (quoting *Salim v. Proulx*, 93 F.3d 86, 89 (2d Cir.1996)). If Toto did not violate Timmins' constitutional rights on the "plaintiff's version of the facts," *Salim*, 93 F.3d at 90, then Toto did not violate clearly established law, is therefore entitled to qualified immunity, and the claims should be dismissed.

We conclude that Toto enjoys immunity from Fourth Amendment claims of false arrest and malicious prosecution because, in this Circuit, a plaintiff cannot establish any such claim if he pleads guilty to a lesser offense pursuant to a plea agreement. *See Maietta v. Artuz*, 84 F.3d 100, 102 n. 1 (2d Cir.1996) (reasoning that the principles enunciated in *Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir.1986), apply equally to criminal charges resolved by plea agreement). "Thus, the common-law rule, equally applicable to actions asserting false arrest, false imprisonment, or malicious prosecution, was and is that the plaintiff can under no circumstances recover if he was convicted of the offense for which he was arrested." *See Cameron*, 806 F.2d at 387.

■ Here, even accepting Timmins' version of the facts, he cannot establish a constitutional violation for claims of false arrest or malicious prosecution because he pleaded guilty to disorderly conduct in exchange for the dismissal of the other charges brought against him in New York. An officer who arrests with probable cause cannot be liable for false arrest, and, by pleading guilty to the stipulated but lesser

---

[1] The Honorable William H. Pauley III, of the United States District Court of the Southern District of New York, sitting by designation.

offense, Timmins conceded that Toto had probable cause for all charges covered by the plea agreement. Moreover, Timmins cannot claim malicious prosecution if the prior proceedings did not terminate in his favor. *See id.* The district court therefore correctly held Toto established qualified immunity for the New York charges because Timmins cannot establish that Toto violated Timmins' constitutional rights.

Timmins' Fourth Amendment false arrest and malicious prosecution charges as they relate to the events in New Jersey fare no better. Timmins' complaint ties the New Jersey arrest and prosecution to the New York charges: *"As a result* of the wrongful and illegal arrest in the State of New Jersey, the Plaintiff was prosecuted in and required to undergo a strip search and to submit to the criminal jurisdiction of a criminal court *in and for the Town of Orangeburg, County of Rockland, State of New York."* * Since what is at issue with respect to the New Jersey events is the New York charges and since Timmins cannot establish that Toto lacked probable cause or that the prosecution terminated in his favor, there was no constitutional violation. We therefore reverse the district court's order insofar as it held that material issues of fact remained for those charges that occurred in New Jersey.

■ The Fourteenth Amendment excessive force claim is directed at Toto's conduct during the chase—particularly, the alleged intentional ramming of Timmins' car. To establish that a violation of the constitutional right to substantive due process has occurred, a plaintiff must show that the government agent's actions involved "conduct intended to injure in some way unjustifiable by any government interest [and] is the sort of official action most likely to rise to the conscience-shocking level." *County of Sacramento v. Lewis*, 523 U.S. 833, 849, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). To overcome a defense of qualified immunity, the constitutional protection must have been clearly established under Supreme Court or Second Circuit law at the alleged time of injury. *African Trade & Information Center, Inc. v. Abromaitis*, 294 F.3d 355, 360 (2d Cir.2002).

It may well be that there is no constitutional violation and Toto is therefore entitled to qualified immunity because, under *County of Sacramento*, "only a purpose to cause harm *unrelated to the legitimate object of arrest* will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a [substantive] due process violation" *County of Sacramento*, 523 U.S. at 836, 118 S.Ct. 1708 (emphasis added). It may be clear on the record that Toto's intent in chasing Timmins was related to "the legitimate object of arrest," and, therefore, the resulting crash gave rise to no constitutional violation. This is an issue, however, that we need not decide. At most, Timmins claims that the chase caused him fear. But he has cited no Supreme Court or Second Circuit case decided before the chase, nor are we aware of any, holding that fear alone is a cognizable harm under the Fourteenth Amendment.

To be sure, Timmins argues in his brief, Appellee's Br. at 18, that *United States v.*

---

* We also note that Timmins only alleges Toto was acting under color of New York state law, not New Jersey law. And the only New Jersey charges against Timmins mentioned in his complaint, the assault and fugitive from justice charges, *see* Compl. at 4, arose out of the same set of facts as the New York charges—a car chase that resulted in Toto's collision with a fire hydrant—and are thus directly tied to the New York assault charge against Timmins.

*Walsh,* 194 F.3d 37 (2d Cir.1999), stands for the proposition that the Fourteenth Amendment protects against even fleeting harm when the defendant's conduct "shocks the conscience," and fear qualifies as such harm. Even were we to agree, the case was decided after the occurrence of the events at issue here. Whatever rule *Walsh* established, that rule was not clearly established at the time of the chase. Toto is therefore entitled to qualified immunity on this claim. *Abromaitis,* 294 F.3d at 360.

Accordingly, for the reasons set forth above, the portion of the judgment of the district court that is here on appeal by Toto is hereby REVERSED.