**James J. D'AMATO, Plaintiff–Appellant,**

v.

**Christine ROBERTS, Defendant–Appellee.**

No. 03–6102.

United States Court of Appeals, Second Circuit.

Jan. 25, 2005.

James J. D'Amato, Inverness, FL., for Appellant, pro se.

Present: LEVAL, STRAUB, and KATZMANN, *Circuit Judges.*

### *SUMMARY ORDER*

AFTER SUBMISSION AND UPON DUE CONSIDERATION, IT IS HERE-

BY ORDERED, ADJUDGED AND DE-CREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff–Appellant James J. D'Amato, *pro se*, appeals from a judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*) entered on March 26, 2003 dismissing his complaint. Familiarity with the facts of this case and its procedural history is assumed.

D'Amato brought this action against Christine Roberts, the United States Probation Officer who had prepared his presentence investigation report ("PSR") in connection with his June 2000 federal court conviction for health care fraud. The Amended Complaint alleged that Roberts provided false information in the PSR to the sentencing judge for the purpose of harming D'Amato as to his sentence. Noting that the complaint could be construed to assert a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the court dismissed the action, giving several reasons.

Upon review, we conclude that dismissal of the complaint was proper. Insofar as D'Amato raises a claim under *Bivens* that Roberts violated his constitutional rights, such a claim is not cognizable under *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The Supreme Court held in *Heck* that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determi-nation, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87 (footnote omitted); *Tavarez v. Reno,* 54 F.3d 109, 110 (2d Cir.1995) (*Heck* applies to *Bivens* actions). Here, D'Amato argues that Robert's actions influenced his sentence, but he fails to demonstrate that his conviction or sentence has been invalidated, as *Heck* and *Tavarez* require.

We have considered all of plaintiff's arguments—including his claim that he is entitled to relief because the District Court has demonstrated "malice and prejudice" towards him—and have found them to be without merit. Accordingly, the judgment of the District Court is hereby AFFIRMED.