**SECURITIES AND EXCHANGE COMMISSION, Plaintiff–Appellee,**

v.

**David I. NAMER, Defendant–Appellant.**

**No. 05–0335–cv.**

United States Court of Appeals, Second Circuit.

June 1, 2006.

David I. Namer, pro se, Forrest City, A.K., for Appellant.

Angel Young, Attorney, Securities and Exchange Commission (Giovanni P. Prezioso, General Counsel; Jacob H. Stillman, Solicitor; Katherine B. Gresham, Assistant General Counsel, on the brief), Washington, D.C., for Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. CHESTER J. STRAUB, Circuit Judges and Hon. CHARLES L. BRIEANT, District Judge.*

### SUMMARY ORDER

Appellant David I. Namer, *pro se*, appeals from the judgment of the United States District Court for the Southern Dis-

---

* The Honorable Charles L. Brieant, United States District Judge for the Southern District of New York, sitting by designation.

trict of New York (P. Kevin Castel, *Judge*), granting partial summary judgment for the Securities and Exchange Commission ("SEC") and entering an order of disgorgement. We assume that the parties are familiar with the facts, the procedural context, and the issues on appeal.

We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003). Substantially for the reasons set forth by the District Court in its Memorandum and Order, we conclude that the District Court properly granted partial summary judgment after determining that Namer was collaterally estopped from relitigating the liability issues presented during the course of his criminal trial and conviction. *See Maietta v. Artuz*, 84 F.3d 100, 103 n. 1 (2d Cir.1996) (" 'It is well-settled that a criminal conviction, whether by jury verdict or guilty plea, constitutes estoppel in favor of the United States in a subsequent civil proceeding as to those matters determined by the judgment in the criminal case.' ") (quoting *United States v. Podell*, 572 F.2d 31, 35 (2d Cir.1978)). Namer's argument that the criminal proceedings by which he was convicted were unfair has recently been rejected in a thorough unpublished opinion by the Sixth Circuit. *See United States v. Namer*, 149 Fed.Appx. 385 (6th Cir.2005).

Insofar as Namer challenges the District Court's imposition of the disgorgement order, we find his contentions without merit. In the exercise of its equitable powers, a district court may order a defendant to disgorge all profits gained through securities fraud. *See SEC v. Patel*, 61 F.3d 137, 139 (2d Cir.1995). A district court enjoys broad discretion in fashioning a disgorgement remedy. *See SEC v. Lorin*, 76 F.3d 458, 462 (2d Cir.1996). " 'Disgorgement need only be a reasonable approximation of profits causally connected to the violation,' " and any " 'risk of uncertainty [in calculating disgorgement] should fall on the wrongdoer whose illegal conduct created that uncertainty.' " *Patel*, 61 F.3d at 139–40 (quoting *SEC v. First City Fin. Corp.*, 890 F.2d 1215, 1231–32 (D.C.Cir.1989)).

Here, the District Court reasonably calculated the amount of profit Namer received from the fraudulent sales of private placement bonds. In its calculation, the District Court, beginning with the face value of the bonds issued, subtracted from the total both the value of those bonds unsold and those repurchased. The District Court was not required to consider the Internal Revenue Service's ("IRS") determination of Namer's tax liability in making the calculation, as the SEC had offered evidence that Namer had received substantially more profits than the IRS had contemplated. Finally, we will not consider Namer's contention that the SEC, by withholding his financial records, had frustrated his attempts to present his own calculation. Namer did not request the information prior to the disgorgement hearing, nor present the issue to the District Court. Moreover, Namer did not make the contention in his initial brief to this Court. *See Booking v. General Star Mgmt. Co.*, 254 F.3d 414, 418 (2d Cir.2001).

We have reviewed Namer's other contentions and find them to be without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED.**