10-4019-pr
Shue v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of April, two thousand twelve.

PRESENT:
> ROBERT A. KATZMANN,
> REENA RAGGI,
> > *Circuit Judges*,
> JED S. RAKOFF,
> > *District Judge.*[*]

---

PETER SHUE,

> *Plaintiff-Appellant*,

v.                                                            10-4019-pr

UNITED STATES OF AMERICA, MARK WASSERMAN, JOHN MCKENNA, ROBERT C. HEINEMANN, STEPHEN KING,

> *Defendants-Appellees*.

---

For Plaintiff-Appellant:        Peter Shue, *pro se*, Atlanta, GA.

For Defendants-Appellees:    No appearances.

---

[*]Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Peter Shue, proceeding *pro se*, appeals the from district court's judgment dismissing his complaint *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's *sua sponte* dismissal of a complaint pursuant to 28 U.S.C. § 1915(e). *See Giano v. Goord*, 250 F.3d 146, 149–50 (2d Cir. 2001). Here, Shue's constitutional claims against federal officials are properly analyzed as claims pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), rather than 42 U.S.C. § 1983. Nevertheless, we may affirm the district court's judgment solely on the ground that Shue's complaint failed to state a claim under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Boy Scouts of Am. v. Wyman*, 335 F.3d 80, 90 (2d Cir. 2003) ("[W]e may affirm the judgment of the district court on any ground appearing in the record."). Because § 1983 actions and *Bivens* actions "share the same 'practicalities of litigation,' federal courts have typically incorporated § 1983 law into *Bivens* actions," including the law articulated by the Supreme Court in *Heck*. *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995). As noted by the district court, the *Heck* Court held that a § 1983 action for monetary damages is not cognizable if a decision in the plaintiff's favor would necessarily invalidate a criminal conviction that has not been reversed on appeal or otherwise overturned. *See Heck*, 512

2

U.S. at 486-87. In this case, success on Shue's claim that he was tried and convicted with a falsified superceding indictment that was never presented to a Grand Jury would invalidate his 1996 federal conviction, *see Stirone v. United States*, 361 U.S. 212, 218-19 (1960), as would success on his claim that the Government withheld exculpatory and material impeachment evidence at trial, *see Giglio v. United States*, 405 U.S. 150, 153-54 (1972). Because Shue's 1996 conviction has not been overturned, his *Bivens* claims are subject to dismissal under *Heck*. *See Heck*, 512 U.S. at 487. In light of this conclusion, we decline to reach the district court's alternative analysis of Shue's constitutional claims under the applicable statute of limitations.

Finally, there is no merit to Shue's argument that Judge Seybert was subject to recusal for bias solely because she presided over his 1996 trial. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

We have considered Shue's other arguments on appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3