18-997-pr
Marino v. Schult

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE
NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A
COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the
Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the
4th day of April, two thousand nineteen.

PRESENT:    ROSEMARY S. POOLER,
            DENNY CHIN,
                    *Circuit Judges,*
            ERIC N. VITALIANO,[*]
                    *District Judge.*

VINCENT MICHAEL MARINO,

                    *Plaintiff-Appellant*,

            v.                                                                  18-997-pr

DEBORAH G. SCHULT, Warden BOP/DOJ,
SEPANEK, Counselor BOP/DOJ, LUCAS, Case
Manager BOP/DOJ,

                    *Defendants-Appellees*.[1]

For Appellant:                              Vincent Michael Marino, *pro se*,
                                            Fort Dix, N.J.

---

[*] Judge Eric N. Vitaliano, United States District Court for the Eastern District of New York, sitting
by designation.

[1] The Clerk of the Court is directed to amend the caption as above.

For Appellees:
Karen Folster Lesperance, Assistant United States Attorney *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Albany, N.Y.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mordue, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Vincent Marino, proceeding pro se, appeals the district court's grant of summary judgment in favor of defendants with respect to his *Bivens*[2] claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. We do not decide whether there is a *Bivens* remedy for the constitutional claims Marino has alleged.

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). To establish that a fact is genuinely in dispute, the nonmoving party "cannot rely on allegations in the complaint, but must counter the movant's affidavits with specific facts showing the existence of genuine issues warranting a trial." *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004).

Marino first argues that the district court erred in deeming admitted the defendants' statement of undisputed facts without first granting him additional time to respond because, he contends, he never received a copy of the statement. If a non-moving party fails to comply with local rules governing summary judgment, a district court may rely on a moving party's statement of undisputed facts as long as those facts are supported by the record. *N.Y.S. Teamsters Conference Pension & Ret. Fund v. Express Servs., Inc.*, 426 F.3d 640, 649 (2d Cir. 2005). The district court reasoned that Marino received clear notice of the consequence of failure to properly respond, that Marino referred to the statement of material facts in his responses to the motion for summary judgment, and that Marino did not claim that he had not received the statement until the second time the magistrate judge deemed those facts admitted based on his failure to identify specific facts in dispute. The district court did not err in deeming defendants' facts admitted to the extent they were supported by the evidence. *See id.*; *McKenna*, 386 F.3d at 436.

Marino also argues that he raised a material question of fact as to whether Schult, Sepanek, and Lucas retaliated against him for exercising his First Amendment rights. The First Amendment protects a prisoner's right to be free from retaliation for exercising his right to

---

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

petition for redress of grievances. *See Espinal v. Goord*, 558 F.3d 119, 128-29 (2d Cir. 2009). To state a claim for First Amendment retaliation, a plaintiff "must show (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Id.* at 128 (internal quotation marks omitted) (stating the standard for pleading a claim under 42 U.S.C. § 1983); *see also Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) ("[F]ederal courts have typically incorporated § 1983 law into *Bivens* actions."). In addition, "[b]ecause the doctrine of *respondeat superior* does not apply in *Bivens* actions," plaintiffs must demonstrate that each "individual defendant was personally involved in the constitutional violation." *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006). If the plaintiff establishes each of these elements, the defendants may nonetheless avoid liability by demonstrating that they would have taken the adverse action "even in the absence of the improper reason." *Lowrance v. Achtyl*, 20 F.3d 529, 535 (2d Cir. 1994).

The parties do not dispute that Marino engaged in protected speech by filing an affidavit in support of a fellow inmate's lawsuit. Marino alleges that, in retaliation for this speech, Schult, Sepanek, and Lucas took the following adverse actions against him: they (1) confiscated his legal work and law book while he was held in the Special Housing Unit ("SHU") at FCI Ray Brook, (2) falsified his security level, (3) transferred him to USP Pollock, and (4) arranged for him to be repeatedly transferred and deprived of his legal work and mail while in transit.

An adverse action in a retaliation claim is "conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (quoting *Dawes v. Walker*, 239 F.3d 489, 493 (2d Cir. 2001) . The actions that Marino alleged may under some circumstances constitute adverse actions under this standard. *See, e.g.*, *Davis v. Kelly*, 160 F.3d 917, 920 (2d Cir. 1998) (Although inmates have "no liberty interest in remaining at a particular correctional facility, . . . prison authorities may not transfer an inmate in retaliation for the exercise of constitutionally protected rights.") (citation omitted).[3] However, Marino did not establish that confiscation of his law book while he was held in the FCI Ray Brook SHU constituted an adverse action because he did not refute the defendants' evidence that inmates at the FCI Ray Brook SHU had access to a law library on request. Loss of a book under these circumstances would not deter a person of ordinary firmness from exercising his rights. *See Goord*, 320 F.3d at 353. There is no evidence in the record to support Marino's claim that the defendants lost or destroyed his legal documents and mail while he was in the SHU; to the contrary, Marino filed three legal documents in the First Circuit during this period. *See United States v. Marino*, 1st Cir. 09-1854, docs. 115995376, 115999325, 116004221. Marino has thus failed to establish a genuine dispute regarding his claims related to his access to legal books and documents at the FCI Ray Brook SHU.

---

[3] These actions may also in some circumstances constitute an unconstitutional denial of access to the courts. However, to establish such a claim, a plaintiff must show an actual injury. *See Goord*, 320 F.3d at 351. Marino has not satisfied this requirement; during his deposition, he could not identify any claim that he was unable to pursue due to loss of access to his legal documents.

As to Marino's other claims, the evidence does not suggest a causal connection between his protected speech and Schult, Sepanek, and Lucas's actions. There is no evidence that Lucas was aware of the affidavit when he requested a transfer based on a recommendation of a Special Investigative Supervisor following a disciplinary hearing to address Marino's gambling operation. Further, the discovery of Marino's gambling operation while imprisoned showed that Schult, Sepanek, and Lucas would have taken these actions even if Marino had not engaged in protected speech, and thus defeats a retaliation claim. *See Lowrance*, 20 F.3d at 535. Marino also fails to contest Schult, Sepanek, and Lucas's evidence that they were not personally involved in deciding that Marino would be assigned to USP Pollock, where and how long he was held while in transit, or what access he would have to legal documents after he left FCI Ray Brook. The district court therefore properly granted summary judgment on these claims. *See id.*; *Espinal*, 558 F.3d at 129; *Thomas*, 470 F.3d at 496. Because the district court properly granted summary judgment, Marino's request for a new judge and magistrate judge is moot.

We have considered the remainder of Marino's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4